UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-22022-CIV-KING/GARBER

ADRIAN VASQUEZ, *et al.*,

    Plaintiffs,

v.

PRINCESS CRUISE LINES, LTD., d/b/a
PRINCESS CRUISES, a foreign corporation,

    Defendant.

_____/

## **ORDER**

THIS CAUSE is before the Court by Order of Reference from Senior United States District Court Judge James Lawrence King. Pursuant to such reference, the Court has received defendant Princess Cruise Lines, Ltd.'s Motion for Costs and Attached Bill of Costs. (DE 122.) Opposing counsel did not file a response and no objection has otherwise been received.

As the prevailing party, Princess is entitled to costs unless there is a sound basis for denying them. *Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2001); Fed. R. Civ. P. 54(d)(1). Though no objections have been raised against Princess's motion, the Court must nonetheless review the costs claimed to ensure that they are allowable under the applicable statutes and rules. *See Azam-Quershi v. The Colony Hotel, Inc.*, 540 F. Supp. 2d 1293, 1300 (S.D. Fla. 2008) (refusing to tax certain costs even though opposing party did not object). Ultimately, the Court is accorded great latitude in determining taxable costs though this discretion should be sparingly exercised, if at all, where an expense is not specifically allowed by statute. *See Loughan v. Firestone Tire & Rubber Co.*, 749 F.2d 1519, 1526 (11th Cir. 1985); *Wahl v. Carrier Mfg. Co., Inc.*, 511 F. 2d 209, 217 (7th

Cir. 1975).

Princess seeks $14,532.76 in costs from plaintiffs Vasquez, Correa, Chong, and Samaniego plus an additional $3,170.53 against Vasquez individually. Most of the costs sought fall squarely within one of the six categories outlined in 28 U.S.C. § 1920[1] and thus are deemed to be appropriate.

First, Princess requests reimbursement for the fee charged by the clerk of the district court when Princess removed this case from state to federal court. The **$350.00** fee clearly falls within section 1920(1) and therefore is properly taxed as a cost.

Second, Princess seeks costs incurred for four hearing transcripts and three deposition transcripts. With respect to the hearing transcripts, Princess seeks costs amounting to **$978.66** and submits that the transcripts were necessary for briefing in the case. Although Princess is short on support for its claim, without any opposition, the Court has no reason to presume that the transcripts weren't necessary. The costs for these hearing transcripts then is properly taxed against the plaintiffs under section 1920(2). *See Responsible Me, Inc. v. Evenflo Co.*, No. 06-61736-CIV, 2009 WL 528247, *7 (S.D. Fla. March 2, 2009) (awarding costs for hearing transcript because opposing party failed to show that the transcripts were not necessary).

Princess also seeks to tax the amounts it incurred in court reporter fees in connection with

---

[1]Section 1920 provides that:

> A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

the depositions of three witnesses. According to Princess, all three deponents–plaintiff Vasquez and two eye-witnesses–were key witnesses in the case and were listed on plaintiff Vasquez's witness list. Further, says Princess, the depositions were necessary because each deponent testified about critical issues and the depositions were discussed during various hearings and in various pleadings. The question of whether deposition costs are taxable turns on the factual question of whether the deposition was wholly or partially "necessarily obtained for use in the case." *EEOC v. W & O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000). Finding no opposition to Princess's claim, the Court finds the **$8,452.06** incurred in court reporter fees to be properly taxed, also under section 1920(2).

Third, Princess seeks costs of **$3,952.04** for amounts incurred in enlarging copies of a color photographs taken by eyewitnesses in the case and to create oversized color photographs for use during hearings and in preparation for trial. Under section 1920(4), costs may be taxed for "[p]hotocopies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration." *Florida Keys Citizen Coalition, Inc. v. U. S. Army Corp. Of Eng'rs*, 386 F. Supp. 2d 1266, 1270 (S.D. Fla. 2005). The party moving for an award of copy costs has the burden of showing that the copies were necessarily obtained for use in the case. *See Zunde v. Int'l Paper Co.*, No. 3:98CV439-J-20B, 2000 WL 1763843, *6 (M.D. Fla. July 20, 2000). Princess asserts that the cost of enlargement of these color photographs was necessary and was not for the convenience of counsel. Although the Court would have preferred more detail, including how Princess used or intended to use the copies in the case, considering there has been no objection from the plaintiffs, the Court finds Princess's showing sufficient to demonstrate its entitlement to these costs.

Fourth, Princess seeks reimbursement of **$675.00** for costs incurred for oral interpretation

services needed during plaintiff Vasquez's deposition. The Court finds this to be a properly taxable cost under section 1920(6) which allows for the taxing of "compensation of interpreters." Princess also seeks, however, the costs of an oral translation of a spoken interview between Vasqez and a press reporter. The Court does not find this expense to be properly taxable to the plaintiff under section 1920(6) and therefore declines Princess's request in that regard. The services provided in translating an interview between a party and the press is more akin to the services provided by an expert or a consultant. There is no indication that this service was necessary to enable the parties to communicate with each other, any witnesses, or the court; nor has Princess submitted that the translation was necessary to, or in preparation for, litigation. Princess has not presented any support for its contention that Congress intended that such an expense be properly taxable under section 1920(6).

Lastly, Princess seeks $3,170.53 from plaintiff Vasquez alone for costs that counsel incurred traveling to Panama City to take Vasquez's deposition. Princess acknowledges that costs associated with taking depositions "are not normally taxable under section 1920," but argues that "the Court has discretion to tax these costs in extraordinary or compelling circumstances." (DE 122, 6.) The Court does not find the dicta in the case cited by Princess, *DiCecco v. Dillard House, Inc.*, 149 F.R.D. 239, 240 (N.D. Ga. 1993), to be persuasive in light of the fact that there is no provision in section 1920 that would provide for the taxing of these travel costs. Thus even if the Court found that there were extraordinary or compelling circumstances justifying charging Vasquez for these amount, which it does not, the Court's discretion does not extend so far as to allow the awarding of costs that are not enumerated by the statute.

In summary, the Court has determined that the following costs and corresponding amounts

are taxable:

| | |
|---|---|
| Fees for the clerk: | $350.00 |
| Transcripts | $978.66 |
| Court Reporter Fees | $8,452.06 |
| Copies | $3,952.04 |
| Interpreter | $675.00 |
| **TOTAL**: | **$14,407.76** |

Accordingly, and upon due consideration, it is hereby

ORDERED that the defendant's Motion for Costs and Attached Bill of Costs (DE 122) is GRANTED IN PART and DENIED IN PART such that defendant Princess shall have and recover from the plaintiffs Vasquez, Correa, Chong, and Samaniego, jointly and severally, the sum of $14,407.76, plus interest, as and for reasonable and necessary costs incurred by the defendant as discussed above.

DONE AND ORDERED in Chambers at Miami, Florida this 30th day of December 2013.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE